STATE OF INDIANA EX REL. MURRAY C. SMITH v. CITY OF PORTAGE, INDIANA.

[No. 3-573A46. Filed September 27, 1973.]

David A. Willis, Willis and Handlon, P. C., of counsel, of Portage, for appellant.

David R. Dubois, of Portage, for appellee.

HOFFMAN, C.J.—Plaintiff-appellant Murray C. Smith (Smith) appeals from a judgment denying him mandate relief and dismissing the cause with prejudice.

Appellant sought by his action to mandate the City of Portage (City) to dissolve its present seven-member plan commission and to establish a nine-member plan commission pursuant to IC 1971, 18-7-5-5, Ind. Ann. Stat. § 53-705 (Burns 1964). Following the overruling of appellant's motion to correct errors on April 19, 1973, this appeal was perfected.

In his complaint, Smith alleged that City had a Board of Park Commissioners, a Board of Public Works and a resident City Engineer. It was asserted, therefore, that City's seven-

member plan commission was not constituted in compliance with § 53-705, *supra,* which provides as follows:

"City plan commission—Members.—In a city having a board of park commissioners, a board of public works and a resident city engineer, the plan commission shall consist of nine [9] or ten [10] members. Four [4] official members shall be appointed as follows: One [1] member selected by the city council from its membership; one [1] member selected by the board of park commissioners from its membership; and one [1] member or any designated representative selected by the board of public works; and the city engineer.

"In cities of the first class the county surveyor also shall be a member. The mayor shall appoint five [5] citizen members, not more than three [3] of whom shall be members of the same political party."

City, however, has taken the position that it does not have a Board of Park Commissioners within the meaning of § 53-705, *supra,* but, rather, has a Park and Recreation Board which was created by ordinance pursuant to Acts of 1955, ch. 311, as amended by Acts of 1965, ch. 404, and 1971 P. L. 305; as found in Ind. Ann. Stat. § 48-5851, *et seq.* (Burns 1963). Consequently, City asserts that it is not bound by the provisions of § 53-705, *supra,* and further contends that its present seven-member plan commission is constituted correctly in compliance with IC 1971, 18-7-5-6, Ind. Ann. Stat. § 53-706 (Burns 1964), which provides as follows:

"Cities without certain departments—Members.—In a city not having a board of park commissioners, a board of public works, or a resident city engineer, the plan commission shall consist of seven [7] members. The common council shall appoint three [3] persons in the city government as members. The mayor shall appoint four [4] citizen members, not more than two [2] of whom shall be members of the same political party."

Thus, the singular issue presented by this appeal is whether City has a Board of Park Commissioners within the meaning of § 53-705, *supra.*

The Legislature has enacted a variety of statutes under which a fourth class city is empowered to create park or reccreation authorities. The first Act dealing with such authorities was adopted in 1905 and, unlike subsequent legislation, is mandatory in its language. It now provides that "the custody and management of all public parks, in cities of the third and fourth classes, shall be in the board of public works of such cities * * *." IC 1971, 18-1-22-3, Ind. Ann. Stat. § 48-5803 (Burns 1963).

Another Act presently permits the creation, by city ordinance, of a board of trustees to be charged with the control and management of parks. IC 1971, 19-7-8-1, Ind. Ann. Stat. § 48-5703 (Burns 1963).

In 1925, a statute was enacted which now provides that, "[w]henever the common council of any such city * * * shall determine to conduct playgrounds and recreation centers through a recreation board, it shall pass an ordinance establishing a 'board of recreation.'" IC 1971, 19-7-6-3, Ind. Ann. Stat. § 48-5903 (Burns 1963).

In 1939, a statute was enacted which now provides that, "[t]he common council of any city of the third, fourth or fifth class having a population of more than five thousand [5,000] according to the last preceding United States census, may, by ordinance, establish an executive department of such city to be known as 'the department of public parks,' for the control and management of public parks of such city." IC 1971, 19-7-9-1, Ind. Ann. Stat. § 48-5731 (Burns Cum. Supp. 1972).

Further, IC 1971, 19-7-7-1, Ind. Ann. Stat. § 48-5744 (Burns 1963), authorizes the common council of a fourth class city to pass an ordinance adopting the provisions of IC 1971, 19-7-11-1, Ind. Ann. Stat. § 48-5602 (Burns 1963). Section 48-5602, *supra*, is a 1923 Act which permits the establishment of a board of park commissioners by second class cities.

Another Act under which a fourth class city might create a park or recreation authority is Acts of 1955, ch. 311, as amended by Acts of 1965, ch. 404, and 1971, P. L. 305, [IC 1971, 19-7-4-1 to 19-7-4-73, Ind. Ann. Stat. §§ 48-5851 to 48-5858(d) (Burns 1963 and Burns Cum. Supp. 1972)].

IC 1971, 19-7-4-6, Ind. Ann. Stat. § 48-5852 (Burns Cum. Supp. 1972), provides as follows:

> "Department of parks and recreation created by council.—After the adoption of this act [§§ 48-5851—48-5858d], a common council or a county council may enact an enabling ordinance creating, as a part of its governmental organization, a single department of parks and recreation and shall in such ordinance repeal prior ordinances creating separate park and recreation authorities. The department shall be composed of a *board of parks and recreation,* a superintendent, and such other personnel as the board may determine." (Emphasis supplied.)

The objective of this account is to demonstrate the variety of options open to a municipality in establishing a governing body to administer parks and recreation. A municipality might elect to operate under one of a number of statutes. However, the City of Portage chose to operate under § 48-5852, *supra,* and thereby elected not to have the input of a member of the park authority on its plan commission.

Moreover, during the enactment of each new and different law dealing with the subject of administration of parks and recreation facilities the Legislature cannot be said to have been ignorant of the language of prior Acts.

The existence of this wide range of compatible statutory authority discloses an intent to promote flexibility in government, to furnish cities and towns throughout the State with the means by which to satisfy particular local needs and to provide the facility to accommodate variations in geography and local resources.

Thus, the terms employed to describe park and recreation authorities as provided within the several statutes on the subject are, themselves, varied and individually reflect distinct degrees of power and responsibility.

Further, to hold that "board of commissioners" and "board of parks and recreation" are interchangeable terms within the meaning of § 53-705, *supra,* would be to attach to those terms like meaning where the Legislature has not expressly done so nor displayed any apparent intent which might permit the inference that they are synonymous. We may not supply that which appears to have been purposely omitted. *Railroad Com., etc.* v. *Grand Trunk, etc. R. Co.* (1913), 179 Ind. 255, 100 N.E. 852; *Knox R.E.M.C.* v. *Pub. Serv. Co.* (1966), 139 Ind. App. 547, 213 N.E.2d 714.

By reason of the fact that the City of Portage does not have a board of park commissioners within the meaning of § 53-705, *supra,* we conclude that the trial court did not err in holding that City's present plan commission was correctly constituted of seven members pursuant to IC 1971, 18-7-5-6, Ind. Ann. Stat. § 53-706 (Burns 1964).

The judgment of the trial court is therefore affirmed.

Affirmed.

Sharp and Staton, JJ., concur.

NOTE.—Reported at 301 N.E.2d 409.